MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. MJ23-555 |
| Plaintiff, | |
| v. | RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION |
| FLORIN NICOLAE, | |
| Defendant. | |

Mr. Florin Nicolae requests this Court release him to home confinement and opposes the government's motion for detention.

## I. THIS COURT SHOULD RELEASE MR. NICOLAE TO HOME CONFINEMENT.

### A. Release to home confinement will reasonably assure Mr. Nicolae's appearance and the safety of the community.

The Bail Reform Act presumes release and "[o]nly in rare circumstances should release be denied." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Mr. Nicolae is facing federal criminal charges for the first time and has no convictions. Even if the Court has "[d]oubts regarding the propriety of release," those doubts "should be resolved in favor of the defendant." *Id.*

Mr. Nicolae resides in Mountlake Terrace, Washington, at the address specified on his driver's license. The government arrested him at or near that location. The Court can order him released pending Pretrial Service's confirmation that the address and property are appropriate.

RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR DETENTION
(*U.S. v. Nicolae*, MJ23-555) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Mr. Nicolae wants to see his wife and family again before going to California to face his charges. He and his wife are Romanian citizens, speak only Romanian, and have not been able to contact each other. Counsel has been unable to reach Mr. Nicolae's wife since his arrest. Mr. Nicolae is willing to comply with home confinement, device restrictions, passport surrender, and any other conditions the Court orders.

### B. The government does not have clear and convincing evidence that Mr. Nicolae will not appear.

The government argues only that Mr. Nicolae will not appear and has waived any argument on safety. Dkt. 5.

### 1. The government must show clear and convincing evidence.

Due process requires the government to show by clear and convincing evidence, not just a preponderance, that Mr. Nicolae will not appear for court. This means it must be "highly probable or reasonably certain" that he will not appear. *See United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001) (quoting Black's Law Dictionary). "[T]he proper burden of proof is determined by weighing the magnitude of the societal and individual interests at stake in the determination, and assigning the risk of error accordingly." *Motamedi*, 767 F.2d at 1414 (citing *Addington v. Texas*, 441 U.S. 418, 425–27 (1979)). Mr. Nicolae "has a basic and significant liberty interest in not being confined pending trial." *Id*. That interest is "more substantial than mere loss of money," and thus requires clear and convincing evidence. *Id*. (quoting *Addington*, 441 U.S. at 424 (requiring clear and convincing evidence for civil commitment)).

Some courts addressing other pretrial detention issues say the preponderance standard is "usually applied in pretrial proceedings." *See, e.g.*, *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (citing *United States v. Freitas*, 602 F.Supp. 1283 (N.D. Cal. 1985)). But the underlying cases do not deal with taking away an accused

RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR DETENTION
(*U.S. v. Nicolae*, MJ23-555) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

person's liberty. *Freitas*, 602 F.Supp. at 1293, citing *Lego v. Twomley*, 404 U.S. 477 (1972) (voluntariness of a confession); *United States v. Matlock*, 415 U.S. 164 (1974) (consent to a search).

### 2. Mr. Nicolae is reasonably likely to appear.

Mr. Nicolae does not appear to have any pending warrants. While the Pretrial Services report mentions a non-extraditable California warrant from 2019, there was recently "arrest record relief" in that case, which is available for "dismissal or completion of a diversion program." 18 U.S.C. § 3142(g)(3). Mr. Nicolae's immigration status is irrelevant, and the Court must treat him "notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings." *Id*. § 3142(d); *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

The government charges Mr. Nicolae with making fraudulent ATM balance inquiries at an ATM. Indictment at ¶¶ 35–36. It alleges no other offense conduct and provides no evidence. 18 U.S.C. §§ 3142(g)(1)–(2). *See also United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) ("[W]eight of the evidence … is the least important of the various factors.") (cleaned up).

Respectfully submitted this 21st day of November 2023.

s/ *Mukund Rathi*
Assistant Federal Public Defender
Attorney for Florin Nicolae

I certify this response contains 652 words in compliance with the Local Criminal Rules.

RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR DETENTION
(*U.S. v. Nicolae*, MJ23-555) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100